**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JIMMY SUDNEY, | No. 18-71015 |
| Petitioner, | Agency No. A062-347-801 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 24, 2019
San Francisco, California

Before: WALLACE and BRESS, Circuit Judges, and LASNIK,** District Judge.

Jimmy Sudney petitions for review of a Board of Immigration Appeals (BIA) order dismissing his appeal challenging his removability and the denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252 and deny Sudney's petition.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

In 2015, Sudney, who was admitted as a lawful permanent resident in 2012, pleaded guilty to aggravated assault in Arizona after he pulled a shotgun out of his car and threatened two persons. Applying the modified categorical approach, *see, e.g.*, *Marmolejo-Campos v. Holder*, 558 F.3d 903, 912 (9th Cir. 2009) (en banc), Sudney's indictment, plea agreement, and plea colloquy establish that he was convicted for aggravated assault under A.R.S. §§ 13-1203(A)(2) and 13-1204(A)(2). As we have now held in *Altayar v. Barr*, Nos. 17-73308 & 18-71754, __ F.3d __, __ (9th Cir. 2019), such a conviction is a crime involving moral turpitude, rendering Sudney removable under 8 U.S.C. § 1227(a)(2)(A)(i).

Sudney argues that § 13-1204(A) is indivisible and does not categorically constitute a crime involving moral turpitude, but this argument was not raised before the BIA, so we cannot consider it now. *See* 8 U.S.C. § 1252(d); *Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA."). Sudney further argues that his indictment is not a reliable indicator of the statutory subsection under which he was convicted. But that indictment, as well as the plea agreement and colloquy, make clear Sudney was convicted under A.R.S. §§ 13-1203(A)(2) and 13-1204(A)(2). Contrary to his argument, Sudney's plea colloquy is a permissible source for determining the elements of a conviction. *See Shepard v. United States*, 544 U.S. 13, 20 (2005) (allowing examination of "the statement of factual basis for

2

the charge shown by a transcript of plea colloquy") (citation omitted); *United States v. Cabrera-Perez*, 751 F.3d 1000, 1005–06 & 1005 n.4 (9th Cir. 2014) (holding the record of conviction supported a finding that the defendant violated A.R.S. §§ 13-1203(A)(2) and 13-1204(A)(2) because counts in the complaint tracked the language of those subparts, the alien agreed to plead guilty to those counts, and the alien agreed to the factual basis for the plea).

The BIA denied asylum and withholding of removal based upon the IJ's adverse credibility determination.[1] We review that determination for "substantial evidence," treating the IJ's findings as "'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014) (quoting 8 U.S.C. § 1252(b)(4)(B)). Here, the IJ heard testimony from Sudney and his mother, considered their statements and the other information in the record, and found that Sudney had not testified credibly. Among other things, the IJ found that Sudney's testimony about his conviction contradicted evidence in the record associated with his guilty plea. The IJ also found that Sudney had omitted material information in his asylum application and failed to testify credibly about certain events in Haiti. Substantial evidence supports the adverse credibility determination, and Sudney's arguments do not compel a different

---

[1] As the BIA stated in its order, Sudney failed to exhaust his claims for relief under the Convention Against Torture before the agency, so we lack jurisdiction to consider them here. *Tijani*, 628 F.3d at 1080.

result.  *Garcia*, 749 F.3d at 789.  Because the adverse credibility findings are supported by substantial evidence, Sudney "cannot satisfy [his] burden of showing entitlement to" asylum or withholding of removal.  *See Kin v. Holder*, 595 F.3d 1050, 1058 (9th Cir. 2010).

We have carefully reviewed Sudney's remaining arguments and conclude they are without merit.  Sudney's petition for review is therefore **DENIED.**